UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES J. BENNETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00569 |
| CREDENCE RESOURCE MANAGEMENT, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHARLES J. BENNETT ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age and is a "person," as defined by 47 U.S.C. § 153(39), residing in Bexar County, Texas, which is located within the Western District of Texas.

5. Defendant is a third party debt collector claiming to possess "Excellence beyond Belief."[1] Defendant is a limited liability company registered in the State of Nevada with its principal place of business located at 4222 Trinity Mills Rd, Ste. 260, Dallas, TX 75287. Defendants regularly collects debt from consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out Defendant's attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff.

8. Upon information and belief, the subject debt stems from Plaintiff's purported default in connection with personal telecommunication service Plaintiff is said to have received from AT&T.

9. In early June 2021, Plaintiff started receiving calls from Defendant at his cellular number (210) XXX-7770.

---

[1] https://credencerm.com/index.html

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7770.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used (210) 817-3424 when placing calls to Plaintiff's cellular phone, but upon information and belief, Defendant has called under other numbers as well.

12. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activity.

13. Upon initial contact, Defendant appeared to be looking for someone else at Plaintiff's number concerning a medical debt.

14. Plaintiff informed Defendant that he was not the person Defendant was looking for and requested that Defendant stop calling his number.

15. Defendant would not commit to stopping the calls and in fact stated they would not stop.

16. Defendant called Plaintiff no less than 10 times after Plaintiff revoked consent to be called.

17. Having no choice, Plaintiff called Defendant to inquire about the constant calling.

18. Defendant informed Plaintiff that it was looking for him as well to collect on the subject debt which purportedly amounted to $ 1,803.02 at this time.

19. Plaintiff again requested that Defendant cease calling.

20. Right after Plaintiff ended the phone call in which he made the explicit stop demand, Defendant called Plaintiff's number again.

21. Plaintiff has received numerous phone calls from Defendant since he demanded it to stop calling.

22. On multiple instances, Plaintiff received multiple calls from Defendant in a single day after Plaintiff demanded that Defendant cease calling him.

23. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and alleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692c(a)(1) and § 1692d**

31. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in defiance of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

33. Defendant was notified by Plaintiff more than once that its calls were not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

    b. **Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

36. Defendant violated §§ 1692e and e(10) when it used deceptive and misleading means to collect and/or attempt to collect the subject debt. In spite of Plaintiff's explicit demand, Defendant continued to contact Plaintiff. Through its endless calls, Defendant deceptively and misleadingly represented to Plaintiff that it had the legal ability to contact him upon his non-consent when it did not.

### c. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 23 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff, CHARLES J. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);
   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);
   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);
   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt;
   f. Ordering Defendant to delete the subject debt; and
   g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and re-alleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

43. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA §§ 392.302 and .304

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), prohibits debt collectors from engaging in harassing and abusive behavior such as "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. As described above, Defendant violated § 392.302(4) when it repeatedly and continuously called Plaintiff's cellular phone while knowing that Plaintiff did not wish to be called. Defendant made these calls with the intent to harass him.

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), prohibits debt collectors from "using . . . false representation or deceptive means to collect a debt or to obtain information concerning a consumer."

47. Defendant violated § 392.304(a)(19) of the TDCA when it falsely and deceptively represented to Plaintiff through its calling conduct that it can ignore Plaintiff's cease demand and proceed as it wanted.

WHEREFORE, Plaintiff, CHARLES J. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c.   Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

    d.   Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 15, 2021

Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com